# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Shirley Head Brown, Debtor                    Case No. 22-01175-JAW
                                                                              CHAPTER 13

## APPLICATION TO BE EMPLOYED AS SPECIAL COUNSEL

COMES NOW, Morgan & Morgan ("Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §327(e) and F.R.B.P. 2014(a), files this Application to be Employed Special Counsel in the above Chapter 13 bankruptcy case and in support hereof would show unto the Court the following, to wit:

1. That Morgan & Morgan represents that in the administration of the above referenced Debtors' estate, it has been determined necessary to employ Special Counsel to provide assistance with the prosecution of the Debtor's personal injury claim.

2. That the Applicant desires to be employed to render services in connection with the claim as Special Counsel for the Debtor.

3. That it would be in the best interests of the estate that said firm be employed.

4. An attorney for Morgan & Morgan has attached his affidavit hereto, stating that the firm is a disinterested party to Debtor's estate. See Exhibit "A".

5. That in consideration of said representation, Morgan & Morgan will receive a contingency fee and reimbursement of costs, the total of which will not exceed 50% of the total recovery.

WHEREFORE PREMISES CONSIDERED, Applicant prays that the Court enter an Order authorizing the employment of Morgan and Morgan as Special Counsel for the Debtor under the provisions set forth herein and by Order of this Court.

Respectfully submitted,

Morgan & Morgan, APPLICANT

BY:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

# MORGAN & MORGAN

## Retainer Agreement

I, the undersigned client ("Client"), hereby retain MORGAN & MORGAN, PLLC ("Firm"), as my attorneys to represent me in my claim against any person or entity resulting from an incident or accident that occurred on or about  5/11/2025                .

(1)     **Attorney Fee**:  The Firm shall provide legal services and represent Client in the above-referenced civil claim and shall receive as an attorney fee forty percent (40%) of the total monetary recovery in this matter.  Once a jury is empaneled, The Firm shall receive as an attorney fee forty five (45%) of the total monetary recovery. The attorney fee payable to The Firm is calculated off the total monetary recovery BEFORE any legal costs and expenses are deducted.

(2)     **Scope:**   This Agreement does not obligate the Firm to file or prosecute an appeal from an adverse verdict, order or judgment entered in favor of any defendant.

(3)     **Legal Costs and Expenses**: The Client understands that the Firm may advance costs and expenses of litigation, the repayment of which is contingent on a recovery. The Client understands that the Firm will not advance the medical or other costs for the care and treatment of any injuries sustained as a result of the accident or incident listed above, as medical expenses remain at all times the Client's sole responsibility.  The Client also acknowledges that Firm will deduct all costs from the Client's share of the recovery after the contingent fee has been calculated. The Client understands and agrees that the Client is only obligated to pay costs if there is a recovery on the Client's claim. Said costs shall include, but are not limited to, cash and non-cash expenditures for: investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, expert or other witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services. In the event that the Firm withdraws from the case, the Firm is entitled to be reimbursed for said costs and accrued interest if a recovery is made by another firm.

Medical or other liens of any kind, if any, are to be payable out of the Client's share of the recovery and in no way will reduce or act as a reduction of the Firm's fees and recoverable costs.

The Firm shall advance all legal costs and expenses directly related to the investigation and prosecution of the above-referenced civil claim. Legal costs include, but are not limited to,

cash and non-cash expenditures for: investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services.

(4) **Payment To Client:** The payment to the Client shall be the funds remaining after the payment of the attorney fee to the Firm and the reimbursement of legal costs and expenses to the Firm as well as payment of any liens recognized under the laws of Mississippi.

(5) **Settlement:** If a settlement option is presented as an alternative to a trial, the client must be in agreement with the option selected.

(6) **Termination Of This Agreement**: The Client agrees that upon written notice, the Firm may terminate their representation under the terms of this Agreement at its discretion to the extent permitted by the applicable Rules of Professional Conduct. If the attorney-client relationship is terminated before the conclusion of the case for any reason, and there is a monetary recovery, the Firm shall be entitled to payment for the work done and costs and expenses advanced before the termination. Such payment shall not exceed the lesser of (i) the fair value of the legal services rendered by the Firm, or (ii) the contingent fee to which the Firm would have been entitled upon the occurrence of the contingency.

If Client seeks to dismiss the Firm and hire another lawyer to represent the Client on the above referenced civil claim, Client hereby agrees that The Firm shall have a lien against any recovery by the Client for all of The Firm's legal costs and expenses, and for a reasonable attorney fee measured by the value of services provided by The Firm.

(7) **Communication:** The Client understands and agrees that the Firm may contact the Client at any phone number (including mobile, cellular/wireless, or similar devices) or email address the Client provides at any time, for any lawful purpose. The ways in which Morgan may contact the Client include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses the Client provides include those the Client gives to Firm, those from which the Client contacts Firm or which Firm obtains through other means. The Client also understands and agrees that the Firm may monitor/and or record any of the Client's phone conversations with the Firm representatives.

Either at the commencement or during the course of the Firm's representation, the Firm may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by the Firm is intended to be an expression of opinion only, based on information available to the Firm at the time, and should not be construed as a promise or guarantee.

(8) **Media and Advertisement:** The Client agrees that the Firm may publish in print, online, video or television media the results of the Client's case including, without limitation, verdicts, arbitration awards, settlement amounts, except that any such publication shall not include the Client's name or any other identifying information.

(9) **CO-COUNSEL**: The Client consents and authorizes the Firm to employ and retain any other lawyer(s) as co-counsel, if, in the Firm's discretion, it deems such appointment to be beneficial to the case. The Client agrees that the co-counsel will also have the right to represent the Client in the prosecution of Client's claims. However, the Firm will have responsibility for paying the co-counsel out of the fees identified above. It is understood that Client shall have no other obligation to pay the co-counsel, but that any out-of-pocket expenses incurred by co-counsel shall be considered costs of litigation for which Client is responsible. It is understood that the co-counsel will be available to Client for consultation in this matter should Client so desire, and co-counsel shall have the same legal responsibilities to Client for the performance of legal services as the Firm.

(10) **Arbitration:** By executing this Agreement the Client agrees that, with one exception, any and all disputes between the Client and the Firm or any Firm employee arising out of this Agreement, Firm's relationship with the Client or Firm's performance of any past, current or future legal services, whether those services are subject of this particular Agreement or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in **Jackson**, **Mississippi.** The proceeding will be conducted by a sole arbitrator selected from the list of the AAA's roster of arbitrators. The disputes subject to binding arbitration will include without limitation, disputes regarding attorneys' fees or costs, and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute, and any disputes regarding the arbitrability of any claim. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on the Client and the Firm, and may be specifically enforced by legal proceedings. Arbitration will be the sole means of resolving such disputes, and both parties waive their rights to resolve disputes by court proceedings or any other means.

The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. The one exception to this agreement to arbitrate concerns any complaint or grievance the Client may submit to the bar disciplinary authorities, which are not subject to arbitration. The details, existence and outcome of any arbitration and any information obtained in connection with any arbitration (including any discovery taken in connection with any arbitration) shall be kept strictly confidential and shall not be disclosed or discussed with any person not a party to, or witness in, the arbitration; provided that a party may make such disclosures as are required by applicable law or legal process; provided further that a party may make such disclosures to its attorneys, accountants, investors or other agents and representatives who reasonably need to know the disclosed information in connection with any arbitration and who are obligated to keep such information

confidential to the same extent as such party; and provided further a party may make such disclosures to the extent necessary to enforce any arbitration award. This provision will survive any termination of this Agreement.

The Client understands that by agreeing to arbitration as the mechanism to resolve all potential controversies, disputes, or claims between us, the Client is waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. The Client understands that in the context of arbitration, a case is decided by an arbitrator not by a judge or a jury. The Client agrees that, in the event of such controversy, dispute, or claim between us, the prevailing party will be entitled to recover from the losing party all costs and expenses he, she, or it incurs in bringing and prosecuting, or defending, the arbitration, including reasonable attorney's fees and costs.

The Client has been advised to review this contract carefully to be certain that it accurately sets forth our agreement. In the event that the Client does not understand any portion of this Agreement, the Client will let the Firm know so further explanation can be provided. The Client acknowledges that the Client has been afforded the opportunity to ask the Firm any questions the Client may have concerning this Agreement. The Client acknowledges that the Firm has advised the Client that the Client is welcome to have personal counsel of the Client's choice review and advise the Client concerning this Agreement prior to signing this Agreement.

**NOTICE: This Client is aware this Agreement contains provisions requiring arbitration of fee disputes or allegations of malpractice. The Client understands that the Client has been advised to consult with a lawyer of the Client's choosing about the advisability of agreeing to arbitrate any claims or disputes. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, the Client gives up (waive) the Client's right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

(11) **Entire Agreement:** With respect to the issues presented herein this retainer agreement constitutes the entire agreement between the Client and the Firm. If any term of this Agreement is to any extent invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms shall remain in full force and effect and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

(12) **State of Mississippi:** This retainer agreement shall be construed under the laws of the State of Mississippi.

The above retention is hereby accepted upon the terms and conditions stated herein.

DATE: 10/15/25

__Shirley Brown__
CLIENT

_____
MORGAN & MORGAN, PLLC

**CERTIFICATE OF SERVICE**

  I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application were forwarded on December 30, 2025, to:

By USPS First Class Mail:

  Shirley Head Brown
  149 Woodcliff Drive
  Jackson, MS 39212

By Email:

  Sam Creasley, Special Counsel
  SCreasey@forthepeople.com

By Electronic CM/ECF Notice:

  Case Trustee

  U.S. Trustee

           <u>/s/ Thomas C. Rollins, Jr.</u>
           Thomas C. Rollins, Jr.