# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Shirley Head Brown, Debtor                         Case No. 22-01175-JAW
                                                            CHAPTER 13

## NOTICE

    Morgan and Morgan has filed papers with the court to be Employed as Special Counsel. **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

    If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, then on or before 21 days, you or your attorney must:

    File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

    If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.

    You must also mail a copy to Morgan & Morgan's attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief, which shall sustain this Application.

Date: December 30, 2025         Signature:   /s/ Thomas C. Rollins, Jr.
                                             Thomas C. Rollins, Jr. (MSBN 103469)
                                             Jennifer A Curry Calvillo (MSBN 104367)
                                             The Rollins Law Firm, PLLC
                                             P.O. Box 13767
                                             Jackson, MS 39236
                                             601-500-5533
                                             trollins@therollinsfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Shirley Head Brown, Debtor                    Case No. 22-01175-JAW
                                                                            CHAPTER 13

**APPLICATION TO BE EMPLOYED AS SPECIAL COUNSEL**

COMES NOW, Morgan & Morgan ("Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §327(e) and F.R.B.P. 2014(a), files this Application to be Employed Special Counsel in the above Chapter 13 bankruptcy case and in support hereof would show unto the Court the following, to wit:

1. That Morgan & Morgan represents that in the administration of the above referenced Debtors' estate, it has been determined necessary to employ Special Counsel to provide assistance with the prosecution of the Debtor's personal injury claim.

2. That the Applicant desires to be employed to render services in connection with the claim as Special Counsel for the Debtor.

3. That it would be in the best interests of the estate that said firm be employed.

4. An attorney for Morgan & Morgan has attached his affidavit hereto, stating that the firm is a disinterested party to Debtor's estate. See Exhibit "A".

5. That in consideration of said representation, Morgan & Morgan will receive a contingency fee and reimbursement of costs, the total of which will not exceed 50% of the total recovery.

WHEREFORE PREMISES CONSIDERED, Applicant prays that the Court enter an Order authorizing the employment of Morgan and Morgan as Special Counsel for the Debtor under the provisions set forth herein and by Order of this Court.

Respectfully submitted,

Morgan & Morgan, APPLICANT

BY:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

# MORGAN & MORGAN

## Retainer Agreement

I, the undersigned client ("Client"), hereby retain MORGAN & MORGAN, PLLC ("Firm"), as my attorneys to represent me in my claim against any person or entity resulting from an incident or accident that occurred on or about  5/11/2025                    .

(1) **Attorney Fee**: The Firm shall provide legal services and represent Client in the above-referenced civil claim and shall receive as an attorney fee forty percent (40%) of the total monetary recovery in this matter. Once a jury is empaneled, The Firm shall receive as an attorney fee forty five (45%) of the total monetary recovery. The attorney fee payable to The Firm is calculated off the total monetary recovery BEFORE any legal costs and expenses are deducted.

(2) **Scope:** This Agreement does not obligate the Firm to file or prosecute an appeal from an adverse verdict, order or judgment entered in favor of any defendant.

(3) **Legal Costs and Expenses**: The Client understands that the Firm may advance costs and expenses of litigation, the repayment of which is contingent on a recovery. The Client understands that the Firm will not advance the medical or other costs for the care and treatment of any injuries sustained as a result of the accident or incident listed above, as medical expenses remain at all times the Client's sole responsibility. The Client also acknowledges that Firm will deduct all costs from the Client's share of the recovery after the contingent fee has been calculated. The Client understands and agrees that the Client is only obligated to pay costs if there is a recovery on the Client's claim. Said costs shall include, but are not limited to, cash and non-cash expenditures for: investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, expert or other witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services. In the event that the Firm withdraws from the case, the Firm is entitled to be reimbursed for said costs and accrued interest if a recovery is made by another firm.

Medical or other liens of any kind, if any, are to be payable out of the Client's share of the recovery and in no way will reduce or act as a reduction of the Firm's fees and recoverable costs.

The Firm shall advance all legal costs and expenses directly related to the investigation and prosecution of the above-referenced civil claim. Legal costs include, but are not limited to,

cash and non-cash expenditures for: investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services.

(4) **Payment To Client:** The payment to the Client shall be the funds remaining after the payment of the attorney fee to the Firm and the reimbursement of legal costs and expenses to the Firm as well as payment of any liens recognized under the laws of Mississippi.

(5) **Settlement:** If a settlement option is presented as an alternative to a trial, the client must be in agreement with the option selected.

(6) **Termination Of This Agreement**: The Client agrees that upon written notice, the Firm may terminate their representation under the terms of this Agreement at its discretion to the extent permitted by the applicable Rules of Professional Conduct. If the attorney-client relationship is terminated before the conclusion of the case for any reason, and there is a monetary recovery, the Firm shall be entitled to payment for the work done and costs and expenses advanced before the termination. Such payment shall not exceed the lesser of (i) the fair value of the legal services rendered by the Firm, or (ii) the contingent fee to which the Firm would have been entitled upon the occurrence of the contingency.

If Client seeks to dismiss the Firm and hire another lawyer to represent the Client on the above referenced civil claim, Client hereby agrees that The Firm shall have a lien against any recovery by the Client for all of The Firm's legal costs and expenses, and for a reasonable attorney fee measured by the value of services provided by The Firm.

(7) **Communication:** The Client understands and agrees that the Firm may contact the Client at any phone number (including mobile, cellular/wireless, or similar devices) or email address the Client provides at any time, for any lawful purpose. The ways in which Morgan may contact the Client include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses the Client provides include those the Client gives to Firm, those from which the Client contacts Firm or which Firm obtains through other means. The Client also understands and agrees that the Firm may monitor/and or record any of the Client's phone conversations with the Firm representatives.

Either at the commencement or during the course of the Firm's representation, the Firm may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by the Firm is intended to be an expression of opinion only, based on information available to the Firm at the time, and should not be construed as a promise or guarantee.

(8) **Media and Advertisement:** The Client agrees that the Firm may publish in print, online, video or television media the results of the Client's case including, without limitation, verdicts, arbitration awards, settlement amounts, except that any such publication shall not include the Client's name or any other identifying information.

(9) **CO-COUNSEL**: The Client consents and authorizes the Firm to employ and retain any other lawyer(s) as co-counsel, if, in the Firm's discretion, it deems such appointment to be beneficial to the case. The Client agrees that the co-counsel will also have the right to represent the Client in the prosecution of Client's claims. However, the Firm will have responsibility for paying the co-counsel out of the fees identified above. It is understood that Client shall have no other obligation to pay the co-counsel, but that any out-of-pocket expenses incurred by co-counsel shall be considered costs of litigation for which Client is responsible. It is understood that the co-counsel will be available to Client for consultation in this matter should Client so desire, and co-counsel shall have the same legal responsibilities to Client for the performance of legal services as the Firm.

(10) **Arbitration:** By executing this Agreement the Client agrees that, with one exception, any and all disputes between the Client and the Firm or any Firm employee arising out of this Agreement, Firm's relationship with the Client or Firm's performance of any past, current or future legal services, whether those services are subject of this particular Agreement or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in **Jackson**, **Mississippi.** The proceeding will be conducted by a sole arbitrator selected from the list of the AAA's roster of arbitrators. The disputes subject to binding arbitration will include without limitation, disputes regarding attorneys' fees or costs, and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute, and any disputes regarding the arbitrability of any claim. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on the Client and the Firm, and may be specifically enforced by legal proceedings. Arbitration will be the sole means of resolving such disputes, and both parties waive their rights to resolve disputes by court proceedings or any other means.

The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. The one exception to this agreement to arbitrate concerns any complaint or grievance the Client may submit to the bar disciplinary authorities, which are not subject to arbitration. The details, existence and outcome of any arbitration and any information obtained in connection with any arbitration (including any discovery taken in connection with any arbitration) shall be kept strictly confidential and shall not be disclosed or discussed with any person not a party to, or witness in, the arbitration; provided that a party may make such disclosures as are required by applicable law or legal process; provided further that a party may make such disclosures to its attorneys, accountants, investors or other agents and representatives who reasonably need to know the disclosed information in connection with any arbitration and who are obligated to keep such information

confidential to the same extent as such party; and provided further a party may make such disclosures to the extent necessary to enforce any arbitration award. This provision will survive any termination of this Agreement.

The Client understands that by agreeing to arbitration as the mechanism to resolve all potential controversies, disputes, or claims between us, the Client is waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. The Client understands that in the context of arbitration, a case is decided by an arbitrator not by a judge or a jury. The Client agrees that, in the event of such controversy, dispute, or claim between us, the prevailing party will be entitled to recover from the losing party all costs and expenses he, she, or it incurs in bringing and prosecuting, or defending, the arbitration, including reasonable attorney's fees and costs.

The Client has been advised to review this contract carefully to be certain that it accurately sets forth our agreement. In the event that the Client does not understand any portion of this Agreement, the Client will let the Firm know so further explanation can be provided. The Client acknowledges that the Client has been afforded the opportunity to ask the Firm any questions the Client may have concerning this Agreement. The Client acknowledges that the Firm has advised the Client that the Client is welcome to have personal counsel of the Client's choice review and advise the Client concerning this Agreement prior to signing this Agreement.

**NOTICE: This Client is aware this Agreement contains provisions requiring arbitration of fee disputes or allegations of malpractice. The Client understands that the Client has been advised to consult with a lawyer of the Client's choosing about the advisability of agreeing to arbitrate any claims or disputes. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, the Client gives up (waive) the Client's right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

(11) **Entire Agreement:** With respect to the issues presented herein this retainer agreement constitutes the entire agreement between the Client and the Firm. If any term of this Agreement is to any extent invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms shall remain in full force and effect and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

(12) **State of Mississippi:** This retainer agreement shall be construed under the laws of the State of Mississippi.

The above retention is hereby accepted upon the terms and conditions stated herein.

DATE: 10/15/25

_Shirley Brown_
CLIENT

_____
MORGAN & MORGAN, PLLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: **Shirley Head Brown, Debtor**  Case No. 22-01175-JAW
CHAPTER 13

**AFFIDAVIT OF ATTORNEY**

STATE OF MISSISSIPPI

COUNTY OF __Hinds__

__Samuel F. Creasy__ of Morgan and Morgan, being first duly sworn in connection with the application of the Debtor that I be employed as Special Counsel for the above referenced Debtor to perform services in the aforesaid styled and numbered matter, do herby state:

1. That, to the best of my knowledge, I represent no interest adverse to said Debtor, Trustee or the Estate of the Debtor in the matters upon which I am to be engaged and that I am a disinterested party, except as set out below.

2. That, to the best of my knowledge, I have no connection or affiliation with the Debtor, Trustee, creditors, or other parties in interest herein, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set out below.

3. That said services shall be rendered under a contingent fee agreement.

4. That for the purposes of full disclosure, the following exceptions and notations are made, to-it:

    a. As Special Counsel for Debtor, I will perform legal services in connection with the prosecution of Debtor's post-petition personal injury claim.

FURTHER, AFFIANT SAITH NOT.

Dated this the 29th day of December, 2025.

By: X Samuel F. Creasey

SWORN TO AND SUBSCRIBED BEFORE ME, this the 29th day of December, 2025.

NOTARY PUBLIC

[Notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID# 158447 SEBASTIAN ELIZABETH MURDOCH Commission Expires Aug. 27, 2028 HINDS COUNTY]

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application were forwarded on December 30, 2025, to:

By USPS First Class Mail:

> Shirley Head Brown
> 149 Woodcliff Drive
> Jackson, MS 39212

By Email:

> Sam Creasley, Special Counsel
> SCreasey@forthepeople.com

By Electronic CM/ECF Notice:

> Case Trustee
>
> U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 22-01175 |
|---|---|
| SHIRLEY HEAD BROWN | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 12/30/2025, I did cause a copy of the following documents, described below,

Notice and Application to Employ Counsel

Exhibit A

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/30/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: <br> SHIRLEY HEAD BROWN | CASE NO: 22-01175 <br> **CERTIFICATE OF SERVICE** <br> **DECLARATION OF MAILING** <br> Chapter: 13 |

On 12/30/2025, a copy of the following documents, described below,

Notice and Application to Employ Counsel

Exhibit A

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 12/30/2025

_/s/ Miles Wood_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)

| DEBTOR | CASE INFO | |
|---|---|---|
| SHIRLEY HEAD BROWN<br>149 WOODCLIFF DRIVE<br>JACKSON MS 39212 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 22-01175<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>TUE DEC 30 12-20-4 PST 2025 | AMERICAN EXPRESS NATIONAL BANK<br>CO BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN  PA 19355-0701 |
| FLOWERING PEACH BK LLC<br>PO BOX 1149<br>GRAPEVINE  TX 76099-1149 | EXCLUDE<br><br>US BANKRUPTCY COURT<br>THAD COCHRAN US COURTHOUSE<br>501 E COURT STREET<br>SUITE 2300<br>JACKSON  MS 39201-5036 | 1ST FRANKLIN FINANCIAL<br>317 HIGHWAY 80 EAST<br>CLINTON  MS 39056-4717 |
| 1ST FRANKLIN FINANCIAL CORPORATION<br>ATTN ADMINISTRATIVE SERVICES<br>PO BOX 880<br>TOCCOA  GA 30577-0880 | 1ST HERTIAGE CREDIT<br>ATTN BANKRUPTCY<br>325 HWY 80 E<br>CLINTON  MS 39056-4717 | ADVANCE AMERICA<br>CO CORP SERVICE CO<br>109 EXECUTIVE DR  3<br>MADISON  MS 39110-8497 |
| EXCLUDE<br><br>(D)AMERICAN EXPRESS NATIONAL BANK<br>CO BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN  PA 19355-0701 | ASPIRE CREDIT CARD<br>ATTN BANKRUPTCY<br>PO BOX 105555<br>ATLANTA  GA 30348-5555 | (P)BANCORPSOUTH<br>BANKRUPTCY DEPARTMENT<br>P O BOX 4360<br>TUPELO MS 38803-4360 |
| BLUE FROG LOANS<br>PO BOX 725<br>FENTON  MO 63026-0725 | BLUE FROG LOANS<br>CO CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS  TX 75380-0849 | CAMPBELL CREDIT CO<br>CO JAMES CAMPBELL JR<br>113 EAST WILSON<br>GREENWOOD  MS 38930-2308 |
| CAMPBELL CREDIT LOANS<br>3202 SERVICE DRIVE<br>PEARL  MS 39208-3527 | CAPITAL ONE<br>ATTN BNAKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY  UT 84130-0285 | CAPITAL ONE BANK (USA)  NA<br>BY AMERICAN INFOSOURCE AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY  OK 73118-7901 |
| COMENITYBURLINGTON<br>ATTN BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS  OH 43218-2125 | COMENITYLANE BRYANT<br>ATTN BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS  OH 43218-2125 | COMFORT TECH<br>108 BUSINESS PARK DR<br>STE A<br>RIDGELAND  MS 39157-6022 |
| COMFORTECH HEATING  AIR CONDITIONING<br>MATTHEW SAMUEL<br>1840 GREENVILLE AVE  SUITE 128<br>RICHARDSON TX 75081-1874 | COMMUNITY CHOICE FIN<br>CO CORP SERVICE CO<br>109 EXECUTIVE DR  3<br>MADISON  MS 39110-8497 | CREDIT NINJA<br>3280 N UNIVERSITY AVE<br>PROVO  UT 84604-4405 |
| CREDIT ONE BANK<br>ATTN BANKRUPTCY DEPT<br>PO BOX 98873<br>LAS VEGAS  NV 89193-8873 | DEPARTMENT OF TREASURY<br>INTERNAL REVENUE SERVICE<br>P O BOX 7346<br>PHILADELPHIA  PA 19101-7346 | DESTINY<br>GENESIS FS CARD SERVS<br>PO BOX 4477<br>BEAVERTON  OR 97076-4401 |

| | | |
|---|---|---|
| (P)FAMILY CHOICE FINANCIAL<br>3208 SERVICE DRIVE<br>SUITE E<br>PEARL MS 39208-3539 | FIRST CONSUMER FINANCIAL<br>CO CONVILLE J WARD<br>1301 W PINE STREET<br>HATTIESBURG  MS 39401-6339 | FIRST HERITAGE CREDIT OF MISSISSIPPI  LLC<br>DBA 1ST HERITAGE CREDIT<br>FIRST HERITAGE CREDIT<br>325 HWY 80 EAST<br>CLINTON  MS 39056-4717 |
| FIRST LOAN<br>PO BOX 31690<br>MESA  AZ 85275-1690 | ~~EXCLUDE~~<br>~~(D)FLOWERING PEACH BK LLC~~<br>~~PO BOX 1149~~<br>~~GRAPEVINE  TX 76099-1149~~ | FORTIVA<br>ATTN BANKRUPTCY<br>PO BOX 105555<br>ATLANTA  GA 30348-5555 |
| (P)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IRS<br>CO US ATTORNEY<br>501 E COURT  STE 4430<br>JACKSON  MS 39201-5025 | KING OF KASH<br>8304 WORNALL ROAD<br>KANSAS CITY  MO 64114-5810 |
| (P)KWIKCASH INC<br>ATTN TODD GETZ<br>28532 AIROSO STREET<br>RANCHO MISSION VIEJO CA 92694-1881 | (P)TOTAL LOAN SERVICES  LLC<br>ATTN JOHN LANGENDERFER<br>205 SUGAR CAMP CIRCLE<br>DAYTON OH 45409-1970 | LENDUMO<br>PO BOX 542<br>LAC DU FLAMBE  WI 54538-0542 |
| LITTLE LAKE LENDING<br>2770 MISSION RANCHERIA<br>LAKEPORT  CA 95453-9612 | MAKWA FINANCE<br>PO BOX 343<br>LAC DU FLAMBE  WI 54538-0343 | MIDLAND CREDIT MANAGEMENT  INC<br>PO BOX 2037<br>WARREN  MI 48090-2037 |
| MILESTONE<br>5429 LBJ FREEWAY 800<br>DALLAS  TX 75240-2657 | PARAGON REVENUE GROUP<br>ATTN BANKRUPTCY<br>PO BOX 127<br>CONCORD  NC 28026-0127 | PINK DOGWOOD 13  LLC<br>PO BOX 1931<br>BURLINGAME  CA 94011-1931 |
| PINNACLE SERVICE SOLUTIONS LLC<br>4408 MILESTRIP RD 247<br>BLASDELL NY 14219-2553 | (P)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | QUANTUM3 GROUP LLC AS AGENT FOR<br>CREDIT CORP SOLUTIONS INC<br>PO BOX 788<br>KIRKLAND  WA  98083-0788 |
| QUANTUM3 GROUP LLC AS AGENT FOR<br>GALAXY INTERNATIONAL PURCHASING LLC<br>PO BOX 788<br>KIRKLAND  WA  98083-0788 | REGIONS BANK<br>P O BOX 10063<br>BIRMINGHAM  AL 35202-0063 | SBA<br>1492 S KINGSPORT ROAD<br>FORT WORTH  TX 76155 |
| SBA<br>US ATTORNEY<br>501 E COURT ST STE 44<br>JACKSON  MS 39201-5022 | SBA<br>CO US AG<br>950 PENNSYLVANIA AVENW<br>WASHINGTON  DC 20530-0009 | SCOLOPAX  LLC<br>CO WEINSTEIN  RILEY  PS<br>2001 WESTERN AVENUE  STE 400<br>SEATTLE  WA 98121-3132 |

| | | |
|---|---|---|
| (P)SIMPLE FAST LOANS INC<br>ATTN ATTN LEGAL DEPARTMENT<br>8601 DUNWOODY PLACE SUITE 406<br>ATLANTA GA 30350-2550 | (P)CONTINENTAL FINANCE COMPANY<br>PO BOX 3220<br>BUFFALO NY 14240-3220 | US SMALL BUSINESS ADMINISTRATION<br>2 NORTH 20TH STREET SUITE 320<br>BIRMINGHAM AL 35203-4002 |
| US DEPARTMENT OF EDUCATION<br>PO BOX 16448<br>SAINT PAUL MN 55116-0448 | US DEPT OF ED<br>CLAIMS FILING UNIT<br>P O BOX 8973<br>MADISON WI 53708-8973 | US DEPT OF ED<br>CO ATTORNEY GENERAL<br>950 PENNSYLVANIA AV NW<br>WASHINGTON DC 20530-0001 |
| US DEPT OF EDDAVID US<br>ASST US ATTORNEY<br>501 E COURT ST STE 44<br>JACKSON MS 39201-5022 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE G-430~~<br>~~JACKSON MS 39201-5022~~ | (P)UPGRADE INC<br>2 N CENTRAL AVE<br>10TH FLOOR<br>PHOENIX AZ 85004-4422 |
| WILKINSON LAW<br>PO BOX 321048<br>FLOWOOD MS 39232-1048 | WORLD FINANCE<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 | WORLD FINANCE<br>WORLD ACCEPTANCE CORPORATION<br>ATTN BANKRUPTCY<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 |
| | | DEBTOR |
| XFINITY<br>P O BOX 34744<br>SEATTLE WA 98124-1744 | ALLISON W KILLEBREW<br>MCRANEY SANFORD KILLEBREW PLLC<br>PO DRAWER 1397<br>CLINTON MS 39060-1397 | SHIRLEY HEAD BROWN<br>149 WOODCLIFF DRIVE<br>JACKSON MS 39212-2255 |

~~EXCLUDE~~

~~TORRI PARKER MARTIN~~
~~TORRI PARKER MARTIN CHAPTER 13 BANKRUPT~~
~~200 NORTH CONGRESS STREET STE 400~~
~~JACKSON MS 39201-1902~~